UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD ALEX JORDAN,

       Petitioner,

                                         Case No. 5:02-cv-107

v.

                                         HON. DAVID W. McKEAGUE*

PAUL RENICO,

       Respondent.

_____/

**MEMORANDUM OPINION**
**APPROVING REPORT AND RECOMMENDATION**

       On June 21, 2002, petitioner Brad Jordan filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 9, 2005, the United States Magistrate Judge issued a 21-page report and recommendation, recommending that the petition be denied. Petitioner filed a timely objection on May 24, 2005. In accordance with 28 U.S.C. § 636(b)(1), this Court has reviewed the portion of the report and recommendation to which petitioner has objected. For the following reasons, the Court will overrule petitioner's objection and approve the report and recommendation.

       On September 11, 1997, a jury convicted petitioner of two counts of second degree murder, M.C.L. § 750.317, and two counts of possession of a firearm in the commission of a felony, M.C.L. § 750.227(b). On October 6, 1997, petitioner was sentenced to two concurrent life sentences for the second degree murder conviction and two consecutive two-year terms for the felony-firearm convictions. On May 14, 1999, the Michigan Court of Appeals affirmed petitioner's convictions and

---

      *Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

on January 28, 2000, the Supreme Court denied petitioner's application for leave to appeal. On August 3, 2001, the trial court rejected petitioner's claim that he was denied his Sixth Amendment right to effective assistance of appellate counsel. The Court of Appeals denied petitioner's application for leave to appeal on October 30, 2001, and on April 29, 2002, the Supreme Court denied petitioner's delayed application for leave to appeal. Petitioner's petition for writ of habeas corpus alleges:

> [Petitioner] was deprived of his Fourth, Fifth, and Sixth Amendment rights when the Michigan courts introduced alleged incriminating statements at trial that violated *Miranda* and when appointed appellate counsel failed to raise on direct appeal the meritorious and preserved issue of [petitioner's] illegal arrest

(Petition p. 1). The magistrate judge recommends the petition be denied, finding petitioner's claims to be without merit.

Petitioner's singular objection restates the claim that appellate counsel "rendered deficient performance by failing to litigate on direct appeal a meritorious Fourth Amendment violation that had been preserved below by defense counsel." Petitioner contends defense counsel was partially successful in challenging incriminating statements made after petitioner was allegedly unlawfully arrested. Petitioner asserts the unlawful arrest occurred when the police "stripped petitioner of his clothing." Petitioner claims defense counsel was partially successful in arguing the Fourth Amendment violation based on the trial judge's use of the term "unlawful detention" to describe petitioner's relinquishment of clothing to the officers.

The Michigan Court of Appeals adequately addressed this issue when it determined that petitioner took the statement out of context; that the trial court "was not ruling that the police did not have probable cause to arrest defendant, nor that he had been unlawfully seized." *People v. Jordan,*

2

No. 210892 (Mich. App. May 19, 1999), slip op. at 4, fn. 1. Rather, the trial court was deemed to have simply found "that at the point the officers took defendant's clothing, he was in custody." *Id*. The magistrate judge, after carefully reviewing the evidence set forth in the *Walker* hearing, has concurred in the trial and appellate courts' rulings that petitioner was not unlawfully detained. The police did not use force, weapons, physical contact or threatening language, and in fact, petitioner was a voluntary witness when he approached the officers to offer information about the crime, identified the victims, directed the police to one of the bodies and agreed to answer questions. Petitioner only became a suspect in custody when he relinquished his clothing to the police. As the magistrate judge observed, "the encounter between petitioner and the police was not the type of 'arbitrary and oppressive interference' by law enforcement officials that the Fourth Amendment is intended to prohibit." (Report and recommendation p. 18) (citing *INS v. Delgado*, 466 U.S. 210, 215 (1984)). It follows that petitioner had not been arrested – much less unlawfully arrested – when he was transported to the police station, and his statements, given at the police station, were not therefore subject to suppression as "fruit of the poisonous tree."

Petitioner's objection merely reasserts the claim that appellate counsel was ineffective when he failed to address the trial court's decision not to suppress the statements. The magistrate judge correctly noted that part of appellate counsel's job is to "winnow out weaker arguments on appeal and focus on one central issue...." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). After careful review of the trial and appellate court opinions, as well as evidence set forth in the *Walker* hearing, the magistrate judge properly concluded that the Fourth Amendment claim was without merit. Therefore, appellate counsel's failure to raise this meritless claim does not constitute ineffective assistance of counsel.

The report and recommendation will therefore be approved over objection and the petition for writ of habeas corpus will be denied. A judgment order consistent with this memorandum opinion shall issue forthwith.

Dated: July  25 , 2005.                                    /s/ David W. McKeague
                                                           HON. DAVID W. McKEAGUE
                                                           UNITED STATES CIRCUIT JUDGE